UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAWN STROBEL,<br>Plaintiff,<br>v.<br>UNITED STATES DRUG<br>ENFORCEMENT AGENCY, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) | Case No.: 2:11-cv-53-RLM-PRC |

**CITY OF CROWN POINT'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND REQUEST FOR A JURY TRIAL**

Defendant, City of Crown Point ("Crown Point"), by counsel, submits the following Answer and Affirmative Defenses to Plaintiffs' Second Amended Civil Complaint:

1. This court has jurisdiction over this action generally pursuant to 28 U.S.C. § 1331, as it asserts claims that arise under the Constitution of the United States and laws of the United States.

**Answer: Crown Point admits the jurisdictional statement contained in rhetorical paragraph 1 of Plaintiff's Complaint.**

2. This Court has subject matter jurisdiction of this action by reason of 5 U.S.C. § 704 because the case involves agency action regarding deprivation of rights under the Constitution of the United States and because the case involves claims that arise under 42 U.S.C. § 1983. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as they are so related to the claims in the action within which this court has original jurisdiction that they form part of the same case or controversy. This court has subject matter jurisdiction over claims that arise under the Constitution of the United States as stated in *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within rhetorical paragraph 2 of Plaintiff's Complaint.**

3. This Court has personal jurisdiction over Defendants because they can be found, reside and/or transact substantial business within this judicial district.

**Answer: Crown Point admits the jurisdictional statement contained in rhetorical paragraph 3 of Plaintiff's Complaint.**

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because events relevant to this action occurred in the District of Columbia.

**Answer: Crown Point admits that the Northern District of Indiana is the proper venue for this action and denies all remaining assertions contained in rhetorical paragraph 4 of Plaintiff's Complaint.**

5. Plaintiff Strobel is a resident of the State of Wisconsin.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint.**

6. Defendant Department Enforcement Administration is a component under the Department of Justice, and the Department of Justice is a Department of the Executive Branch of the United States Government.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 6 of Plaintiff's Complaint.**

7. Defendant State of Indiana is a State in the United States of America.

**Answer: Crown Point admits the allegations contained in rhetorical paragraph 7 of Plaintiff's Complaint.**

8. Defendant City of Crown Point is a Third Class City of the State of Indiana as defined by Indiana Code 36-4-1-1.

**Answer: Crown Point admits that it is a city located within the State of Indiana. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint.**

9. Defendants DEA, State of Indiana and City of Crown Point together form the joint task force known as a High Intensity Drug Trafficking Area. Lake County HIDTA is partially administered by the Department of the Executive Office of the President, the DEA as a component of the DOJ, the State of Indiana and the City of Crown Point. Collectively, the Defendants DEA, the State of Indiana, and the city of Crown Point (sic) constitute the task force known as HIDTA, by whom Plaintiff was employed.

**Answer: Crown Point denies all material allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.**

10. Defendant Edward Rysiewicz ("Rysiewicz") is employed by the Drug Enforcement Administration and is currently assigned to Lake County HIDTA. Defendant Rysiewicz is a resident of the State of Indiana.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 10 of Plaintiff's Complaint.**

11. The Plaintiff is a 32-year-old (sic) woman who served in the United States Army Reserve as an Intelligence Analyst from 2001 to 2007. Her duties included assembling, integrating, analyzing, and disseminating intelligence information collected from tactical, strategic, and technical sources, including multi-spectral and electro-optical data.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 11 of Plaintiff's Complaint.**

12. The Plaintiff received a Bachelor of Arts in Criminal Justice, with a minor in Business from the University of Wisconsin-Milwaukee in May 2001. In 2003 she earned an Associate's degree in Intelligence Operations from Cochise College in Cochise County, Arizona. In 2005 she had earned 24 credits towards her Master's in Business Administration from Cardinal Stritch University in Milwaukee, Wisconsin and she is currently writing her Master's thesis.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint.**

13. Plaintiff began working for Lake County, Indiana High Intensity Drug Trafficking Area in December 2006. Lake County HIDTA is comprised of local, state and federal agencies.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 13 of Plaintiff's Complaint.**

14. Defendant DEA funds the Lake County HIDTA. The State provides law enforcement agents and funding to Lake County HIDTA. The City of Crown Point issues paychecks to the employees of the HIDTA, and is listed as the Plaintiff's employer on her W-2. Each Defendant jointly owns and controls Plaintiff's employment and together, the Defendants form the task force known as Lake County HIDTA, the Plaintiff's employer.

**Answer: Crown Point admits that as a fiduciary to the Lake County HIDTA, it issues paychecks to Lake County HIDTA employees. Crown Point denies all remaining material allegations contained in rhetorical paragraph 14 of Plaintiff's Complaint.**

15. During her tenure with Lake County HIDTA, Plaintiff supported federal, state, and local agencies with drug and gang related crimes, as well as white collar crimes. She analyzed cases using Pen Link, i2, NCIC, FinCEN, iLook, ArcVIEW, and other intelligence resources to conduct Grand Jury and imagery analysis related to narcotics and financial investigations. She specialized in forensic audits, financial fraud, and international scams and conducted interviews with informants.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 15 of Plaintiff's Complaint.**

16. In February or March 2007, fellow Lake County HIDTA coworker Matthew Krankovich ("Krankovich") reported to the HIDTA supervisor, William Bond Wells ("Bond Wells"), who is a known homophobe, that another coworker, Lisa Melone ("Melone"), was gay, Krankovich also provided Bond Wells with a picture, taken from Myspace, of the Plaintiff with an admitted gay female.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint.**

17. In March or early April, 2007, Bond Wells forwarded the photo of the Plaintiff to the Plaintiff's Army Reserve unit. Although Krankovich was the one to make the disclosure to Bond Wells about the photo of the Plaintiff with a homosexual female, he did not forward the photo of the Plaintiff to her Army reserve unit. Krankovich did not want the Plaintiff to think he was the one to send the photo to the Army, so he let the Plaintiff know that Bond Wells was the one who actually forwarded the photo to the Army Reserve.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 17 of Plaintiff's Complaint.**

18. On April 4, 2007, HIDTA terminated Melone for being gay, and, on April 15, 2007, the U.S. Army began an investigation into Plaintiff's potential homosexuality.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 18 of Plaintiff's Complaint.**

19. Between April 20 and April 23, 2007, Krankovich received twelve (12) messages via Myspace regarding his disclosures to Bond Wells of the Plaintiff's possible homosexuality.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 19 of Plaintiff's Complaint.**

20. The Plaintiff did not send the messages, nor were they sent by anyone she knows. The Myspace messages contained angry statements and some perceived threats toward Krankovich for disclosing a person's homosexuality to the Army.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 20 of Plaintiff's Complaint.**

21. In May 2007, Krankovich gave copies of the threatening Myspace messages to Bond Wells. Bond Wells, in turn, questioned Melone and the Plaintiff regarding the messages, putting copies of them in the Plaintiff's personnel file.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint.**

22. HIDTA also told the Plaintiff that they believed she shared a Myspace page with another person, and the Myspace page was called "F*ck the USA."

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 22 of Plaintiff's Complaint.**

23. When questioned by Bond Wells, the Plaintiff denied having a Myspace account when questioned about the threatening messages and about the "F*ck the USA" Myspace page.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 23 of Plaintiff's Complaint.**

24. The Plaintiff furthermore states that she did not know who sent the threatening messages to Krankovich, although she admitted telling her friends and family about the Army investigation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 24 of Plaintiff's Complaint.**

25. Bond Wells told the Plaintiff that she was the "proximate cause" of the threatening messages and she needed to put a stop to the threats, even though the Plaintiff was unaware of who sent the messages and would be powerless to stop the threatening messages.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 25 of Plaintiff's Complaint.**

26. The threatening Myspace messages were kept in the Plaintiff's personnel folder, even though the Plaintiff did not have a Myspace account and was completely unaware of who sent the threatening messages to Krankovich.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 26 of Plaintiff's Complaint.**

27. Following an investigation, on September 14, 2007, the U.S. Army Honorably Discharged the Plaintiff under Chapter 10, "Homosexual Conduct," of Army Regulation 135-178. In exchange for her discharge to be Honorable, the Plaintiff waived her rights to a hearing before an administrative separation board regarding the grounds of her discharge.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 27 of Plaintiff's Complaint.**

28. After Plaintiff's coworkers discovered the fact that Plaintiff was discharged from the military for homosexual conduct, agents began propositioning Plaintiff for sex and inquired into her sexual orientation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 28 of Plaintiff's Complaint.**

29. One agent, Victor Moore ("Moore"), an undercover narcotic police officer from the Gary Police Department who was assigned to HIDTA, began propositioning Plaintiff in late 2007 after her military discharge.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 29 of Plaintiff's Complaint.**

30. Moore first told Plaintiff that if she wanted to hook up, she should call him. Plaintiff ignored his invitation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 30 of Plaintiff's Complaint.**

31. However, Moore continued pursuing the Plaintiff. He would pass her in the hallway or parking lot and ask if she was "scared" because she had not yet called him. He also frequently sent her text messages asking her to meet for lunch.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 31 of Plaintiff's Complaint.**

32. Moore told Plaintiff he loved tattoos and he would love to see all of Plaintiff's tattoos.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 32 of Plaintiff's Complaint.**

33. When Plaintiff refused to respond to Moore's requests, Moore hand-delivered photos of his genitalia to Plaintiff. Moore would walk up to Plaintiff's desk with the photos in a white envelope, toss them on her desk, and walk away.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 33 of Plaintiff's Complaint.**

34. In spite of his efforts, Plaintiff ignored his advances. She kept their conversations brief and continued doing her job. Plaintiff felt humiliated and frightened by Moore's advances.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 34 of Plaintiff's Complaint.**

35. Another coworker, Louie (last name unknown), an undercover narcotics officer assigned to Lake County HIDTA, approached Plaintiff in late 2007 or early 2008 and told Plaintiff that she was "hot" and she should call him if she wants to hook up. Plaintiff ignored his request.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 35 of Plaintiff's Complaint.**

36. However, he continued pursuing Plaintiff. Each time they passed in the hallway, he asked if she was scared and why should would not call him. He told Plaintiff he did not "kiss and tell" so no one had to know if they slept together. He also said, "I'm not afraid to get freaky, Because you have all those tattoos, I'm sure you're freaky too." Plaintiff felt very uncomfortable around him, so she did her best to avoid him and to continue doing her job without interference from others.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 36 of Plaintiff's Complaint.**

37. A DEA agent, Mark Keller, began harassing Plaintiff after her military discharge in late 2007. He asked Plaintiff questions like, "Did you go out with your boyfriend this weekend?" as a way of determining Plaintiff's sexual orientation. He also made comments about her visible tattoos and asked about tattoos that she had that he could not see. Plaintiff felt very uncomfortable when he made comments about her tattoos and about her dating life, and she avoided having conversations with him.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint.**

38. Plaintiff did not feel that she could complain to her supervisor about the behavior because the workplace was mainly made up of men and she did not think her complaints would

be taken seriously. She believed that she needed to just keep quiet and do her job or else she would be retaliated against. Plaintiff did not want to be targeted for even more harassment if she made a complaint about the behavior of the office.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 38 of Plaintiff's Complaint.**

39. Other agents made comments in the office about women in a derogatory manner. In the office one summer, the air conditioning unit did not work and the men said the women were lucky because they could wear dresses and the men wear pants. They then said, "Except Dawn [Strobel], she never wears dresses." Plaintiff believed this was a negative comment about the way she dressed and that she was being criticized for not dressing like the other women in the office.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 39 of Plaintiff's Complaint.**

40. The agents also went to Hooters for lunch and came back and made sexual comments about the women they saw at the restaurant.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 40 of Plaintiff's Complaint.**

41. Agents made frequent comments about women they saw on Myspace. They talked about how "hot" these women were.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 41 of Plaintiff's Complaint.**

42. Married agents also made comments about how they planned on going home to have sex with their wives whether their wives "want it or not."

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 42 of Plaintiff's Complaint.**

43. The male agents made these comments in front of Plaintiff on an almost-daily basis. Plaintiff felt very uncomfortable with these comments, but she did not know how to put an end to the comments. Plaintiff did not feel comfortable complaining because she did not believe the treatment would stop and she was afraid of being retaliated against for making a complaint.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 43 of Plaintiff's Complaint.**

44. Plaintiff never responded to the sexual harassment she faced from her coworkers. She just minded her own business and excelled at her job.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 44 of Plaintiff's Complaint.**

45. Bond Wells received a promotion in July or August, 2007, making Ed Rysiewicz ("Rysiewicz") the Plaintiff's new supervisor and Chuck Porucznik ("Porucznik") the HIDTA director.

**Answer: Crown Point admits that Chuck Porucznik was and is a HIDTA director. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 45 of Plaintiff's Complaint.**

46. Rysiewicz found out about Plaintiff's military discharge for homosexuality. He also received a copy of Plaintiff's disciplinary file and read the Myspace messages that there wrongfully placed in her file.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 46 of Plaintiff's Complaint.**

47. Rysiewicz made it clear to Plaintiff that he was very religious and did not approve of Plaintiff's homosexual lifestyle. Rysiewicz began treating Plaintiff in a disparate manner compared to male analysts at HIDTA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 47 of Plaintiff's Complaint.**

48. HIDTA began issuing performance reviews and Plaintiff's first review was satisfactory. Rysiewicz told Plaintiff that she needed to "step up" and do more presentations. Plaintiff then began offering to do presentations, but Rysiewicz always passed her over and asked another analyst to do presentations.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 48 of Plaintiff's Complaint.**

49. Because Rysiewicz denied Plaintiff opportunities to get a better review, Plaintiff brought Rysiewicz's actions to his attention. As a result of her persistence, she finally got to do a presentation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 49 of Plaintiff's Complaint.**

50. However, Rysiewicz continued scrutinizing Plaintiff's work. He frequently asked her questions like, "Why are you working with the FBI agents? I need a report of who you're working for and what you're doing." Rysiewicz never asked other analysts these questions.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 50 of Plaintiff's Complaint.**

51. Rysiewicz also asked Plaintiff for proof that she was earning her MBA. He did not ask for any other employee's transcripts to prove they were attending college.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 51 of Plaintiff's Complaint.**

52. After the Plaintiff's military discharge, she no longer had an active security clearance, and her job required an active Secret security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 52 of Plaintiff's Complaint.**

53. As a result, on July 2, 2008, the Plaintiff applied for security clearance with the DEA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 53 of Plaintiff's Complaint.**

54. However, on July 29, 2008, Rysiewicz and Porucznik verbally notified the Plaintiff that they would not submit her security clearance paperwork because they "couldn't trust [her] character based on the emails and [her military] discharge." This was in spite of the fact that the Plaintiff had not sent the emails and the fact that her military discharge was an honorable discharge.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 54 of Plaintiff's Complaint.**

55. Plaintiff believed Rysiewicz and Porucznik were retaliating against Plaintiff based on her sex and her sexual orientation, so Plaintiff insisted that Rysiewicz and Porucznik submit her security clearance paperwork. Subsequently, on July 30, 2008, Rysiewicz and Porucznik allowed the Plaintiff to go on Administrative Leave until she received an interim clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 55 of Plaintiff's Complaint.**

56. In January, 2009, the Plaintiff explained to Rysiewicz and Porucznik that she did not send the MySpace messages and should not be held accountable for them.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 56 of Plaintiff's Complaint.**

57. On February 9, 2009, the DEA granted the Plaintiff an interim security clearance, and she returned to work for the HIDTA on February 25, 2009.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 57 of Plaintiff's Complaint.**

58. On March 17, 2009, the Plaintiff filed an email complaint with the U.S. Department of Justice ("DOJ") Inspector General regarding the denial of her security clearance and requesting the MySpace messages be removed from her file. In this complaint, the Plaintiff stated she was being denied a security clearance because the DEA labeled her as a homosexual. On June 1, 2009, the DOJ informed the Plaintiff that her complaint had been transferred to the DEA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 58 of Plaintiff's Complaint.**

59. In spite of Rysiewicz and Porucznik's efforts to hinder Plaintiff's career success, Plaintiff was well-known among the drug enforcement agents for performing well at her job. When Plaintiff returned to HIDTA after receiving her interim clearance, agents requested that Plaintiff work with them on cases.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 59 of Plaintiff's Complaint.**

60. In July 2009, agents specifically requested Plaintiff to work on an undercover sting with an FBI initiative in another city. Plaintiff was requested because she was well-known among the agents for her reputations for excellent work.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 60 of Plaintiff's Complaint.**

61. However, Rysiewicz did not want Plaintiff to go on the sting because she was a woman and he thought it would be unsafe. He required Plaintiff to write a report about shy she had to leave the office and who would be on the sting with her. Rysiewicz did everything he could to prevent Plaintiff from going on the sting operation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 61 of Plaintiff's Complaint.**

62. Another analyst, Oliver Wells, went undercover to murder scenes out of town. Rysiewicz never had a problem with Oliver Wells going out of town on operations. Only when Plaintiff requested to go on an undercover sting did Rysiewicz raise issues with analysts going on operations.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 62 of Plaintiff's Complaint.**

63. Plaintiff never received the opportunity to go on the sting operation. On August 5, 2009, Rysiewicz and Porucznik told the Plaintiff that the DEA denied her Security Clearance and that it was up to her to uncover why, placing her again on Administrative Leave.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 63 of Plaintiff's Complaint.**

64. The DEA did not inform the Plaintiff either in writing or verbally the reason for her security clearance termination, forcing the Plaintiff to attempt to uncover the reasons why her clearance was denied. HIDTA did not provide the Plaintiff with any additional information regarding the denial of her security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 64 of Plaintiff's Complaint.**

65. On August 13, 2009, the Plaintiff made her first effort to determine why her clearance was denied, and she contacted the DEA agent assigned to investigate her complaint. However, the agent had no information to give her due to just being assigned to her case.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 65 of Plaintiff's Complaint.**

66. On September 3, 2009, Rysiewicz and Porucznik notified the Plaintiff that, due to the denial of her security clearance by the DEA, they were immediately terminating her position with the Lake County HIDTA because her position required the Plaintiff to hold at least a Secret clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 66 of Plaintiff's Complaint.**

67. HIDTA did not inform the Plaintiff the reasons for her security clearance determination, and as a result she was not afforded an opportunity to respond to the denial of her clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 67 of Plaintiff's Complaint.**

68. Furthermore, HIDTA did not provide the Plaintiff with any evidence or documentation supporting their determination to deny her security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 68 of Plaintiff's Complaint.**

69. Due to the denial of her clearance, the Plaintiff lost her job at HIDTA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph 69 of Plaintiff's Complaint.**

70. After the Plaintiff was terminated, she continued her investigation into the denial of her security clearance. She filed a FOIA request on in early October, 2009 to request the documents used when DEA made the determination to deny her security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 70 of Plaintiff's Complaint.**

71. OPM responded to the Plaintiff's request in a letter dated October 16, 2009, which contained documents from the background investigation conducted for her security clearance. However, additional relevant documents were withheld from the file.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 71 of Plaintiff's Complaint.**

72. On February 16, 2010, OPM sent a follow up response, which contained redacted documents used in the security clearance background investigation. The documents were heavily redacted, inhibiting the Plaintiff's ability to respond to the charges against her.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 72 of Plaintiff's Complaint.**

73. The documents provided by OPM did not contain the specific reasons for the action of removing the Plaintiff's security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 73 of Plaintiff's Complaint.**

74. In August, 2010, Plaintiff submitted a Privacy Act request to the Defense Security Service (DSS) requesting all documents regarding the denial of her security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 74 of Plaintiff's Complaint.**

75. The DSS responded on August 11, 2010 and stated the Plaintiff was granted eligibility for a Top-Secret Sensitive Compartmentalized Information ("TS-SCI") clearance on June 1, 2010. Plaintiff's clearance was never denied.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 75 of Plaintiff's Complaint.**

76. HIDTA terminated Plaintiff's employment under the pretense that DEA denied her security clearance.

**Responses: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 76 of Plaintiff's Complaint.**

77. The only other reason HIDTA ever gave Plaintiff for placing her on administrative leave was the fact that they "couldn't trust [her] character based on the emails and [her military] discharge." Plaintiff repeatedly denied any involvement with the MySpace messages and her security clearance was not denied, so the only basis remaining for the HIDTA terminating Plaintiff's employment is her sexual orientation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 77 of Plaintiff's Complaint.**

78. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission against Lake County HIDTA for discrimination on the basis of sex. Plaintiff received a right-to-sue letter dated August 24, 2010.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 77 of Plaintiff's Complaint.**

**Count I**

**Deprivation of Fifth and Fourteenth Amendment Procedural Due Process**
**5 U.S. C. §704, against Defendant Drug Enforcement Administration**
**42 U.S.C. §1983 against Defendants, State of Indiana, City of Crown Point, and Lake County HIDTA**
***Bivens* action against Defendant Edward Rysiewicz.**

79. Plaintiff hereby incorporates and realleges the allegations set for the in the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through seventy-eight (78) of Plaintiff's Complaint as though fully set forth herein.**

80. To have a constitutionally protected property interest in a government benefit, a person "must have more than an abstract need or desire for it… He must, instead, have a legitimate claim of entitlement to it." *See Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).

**Answer: No response is required since no factual averments are alleged; thus, Crown Point neither admits nor denies the legal statement set forth within rhetorical paragraph 80 of Plaintiff's Complaint. To the extent a response is required, Crown Point is without knowledge.**

81. A federal employee may not be deprived of a property interest without procedural protections provided for in 5 U.S.C. § 7513.

**Answer: No response is required since no factual averments are alleged; thus, Crown Point neither admits nor denies the legal statement set forth within rhetorical paragraph 81 of Plaintiff's Complaint. To the extent a response is required, Crown Point is without knowledge.**

82. When HIDTA terminated the Plaintiff's employment, she was entitled to specific procedural due process rights in regard to the termination of her security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 82 of Plaintiff's Complaint.**

83. As a federal employee, Plaintiff is entitled to 30 days' advance written notice stating the "specific reasons for the proposed action," a reasonable time to respond but not less than 7 days to respond and to submit evidence in support of her answer, a written decision and specific reason for the action. 5 U.S.C. § 7513. If the adverse action is sustained, Plaintiff is entitled to appeal the decision to the Merit Systems Protection Board. 5 U.S.C. § 7513(d).

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 83 of Plaintiff's Complaint.**

84. Plaintiff is also entitled to supporting material justifying the adverse action upon her request to the agency. 5 U.S.C. § 7513(e).

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 84 of Plaintiff's Complaint.**

85. DEA did not provide the Plaintiff the procedural due process rights she was entitled to as set forth above.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 85 of Plaintiff's Complaint.**

86. DEA did not provide the Plaintiff written notice of the decision to place her on administrative leave in July 2008.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 86 of Plaintiff's Complaint.**

87. Further, DEA did not provide the Plaintiff written notice regarding her proposed termination in August, 2009, nor was she provided the specific reasons for the proposed action when HIDTA terminated her employment in September, 2009.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 87 of Plaintiff's Complaint.**

88. The DEA also did not inform the Plaintiff of her right to appeal the action to the Merit Systems Protection Board or any other entity.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 88 of Plaintiff's Complaint.**

89. As an Indiana state employee, Plaintiff is entitled to at least 30 days' notice of the termination by written statement listing the reasons for dismissal. Plaintiff then gets the

opportunity to file a written statement regarding the proposed dismissal and right to appeal the final determination. Ind. Code §4-15-2-34.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 89 of Plaintiff's Complaint because the statute cited by Plaintiff speaks for itself.**

90. As a municipal employee, the City of Crown Point is required to file with the city clerk a written statement of the reasons for dismissing Plaintiff's employment.

**Answer: Crown Point Crown Point denies the material allegations contained in rhetorical paragraph 90 of Plaintiff's Complaint.**

91. Plaintiff did not receive any notice of her proposed removal by any entity.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 91 of Plaintiff's Complaint.**

92. The Plaintiff's procedural due process rights were violated because the DEA, State of Indiana, and City of Crown Point failed to provide her notice of the proposed action and an opportunity to respond to the action.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 92 of Plaintiff's Complaint.**

93. The DEA is liable to the Plaintiff for deprivations of procedural due process under 5 U.S.C. § 704.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 93 of Plaintiff's Complaint.**

94. The State of Indiana, the City of Crown Point, and Lake County HIDTA are liable to the Plaintiff for deprivation of procedural due process under 42 U.S.C. § 1983.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 94 of Plaintiff's Complaint that are directed towards Crown Point. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 94 of Plaintiff's Complaint.**

95. Defendant Rysiewicz is liable to the Plaintiff for deprivations of procedural due process because Rysiewicz failed to provide Plaintiff the reasons for the DEA's proposed action and did not provide Plaintiff an opportunity to respond to the action.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 95 of Plaintiff's Complaint.**

## Count II

**Deprivation of Fifth and Fourteenth Amendment Substantive Due Process**
**5 U.S. C. §704, against Defendant Drug Enforcement Administration**
**42 U.S.C. §1983 against Defendants, State of Indiana, City of Crown Point, and Lake County HIDTA**
***Bivens* action against Defendant Edward Rysiewicz**

96. Plaintiff hereby incorporates and realleges the allegations of the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through ninety-five (95) of Plaintiff's Complaint as though fully set forth herein.**

97. Plaintiff has a property right in her continued employment, *Loudermill*, 470 U.S. at 538-539; *King* 75 F.3d at 661, and there is a deprivation of a property interest when a person is

deprived of the means of livelihood, *Loudermill* at 542-43. Further, the Plaintiff had a reasonable expectation to be employed. *Roth*, 408 U.S. at 557.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the matters contained in rhetorical paragraph 97 of Plaintiff's Complaint even though no response is required to legal argument.**

98. HIDTA, by and through all defendants, deprived the Plaintiff of her property right in continued employment and thus deprived her of the means of livelihood by terminating the Plaintiff's employment on the basis of her homosexuality.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 98 of Plaintiff's Complaint that are directed towards Crown Point. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 98 of Plaintiff's Complaint.**

99. When HIDTA terminated Plaintiff's employment, Plaintiff was deprived of her means of livelihood and her ability to earn a wage.

**Answer: Crown Point denies the material allegations contained in rhetorical paragraph 99 of Plaintiff's Complaint.**

100. The Plaintiff has a right to her continued employment, and because HIDTA, by and through all defendants, wrongfully removed her security clearance, HIDTA subsequently deprived the Plaintiff of her substantive due process right to a wage and continued employment.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 100 of Plaintiff's Complaint that are directed towards Crown Point. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 100 of Plaintiff's Complaint.**

101. The DEA is liable to the Plaintiff for deprivations of substantive due process under 5 U.S.C. § 704.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 101 of Plaintiff's Complaint.**

102. The State of Indiana and the City of Crown Point are liable to the Plaintiff for deprivations of substantive due process under 42 U.S.C. § 1983.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 102 of Plaintiff's Complaint.**

103. Defendant Edward Rysiewicz deprived Plaintiff of her property right in continued employment and deprived her of the means of livelihood by terminating the Plaintiff's employment on the basis of her homosexuality.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 101 of Plaintiff's Complaint.**

**Count III**
**Deprivation of Fifth and Fourteenth Amendment Equal Protection**
**5 U.S. C. §704, against Defendant Drug Enforcement Administration**
**42 U.S.C. §1983 against Defendants, State of Indiana, City of Crown Point, and Lake County HIDTA**
***Bivens* action against Defendant Edward Rysiewicz**

104. Plaintiff hereby incorporates and realleges the allegations of the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through one hundred three (103) of Plaintiff's Complaint as though fully set forth herein.**

105. The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.XIV, § 1.

**Answer: Crown Point neither admits nor denies the statement set forth within rhetorical paragraph 105 of Plaintiff's Complaint because it is legal argument and the constitutional provision cited by Plaintiff should speak for itself.**

106. The equal protection component of the Fourteenth Amendment is binding upon the federal government as part of the Fifth Amendment's due process clause. *Padula v. Webster*, 822F.2d 97, 101 n.5 (D.C. Cir. 1987).

**Answer: Crown Point neither admits nor denies the statement set forth within rhetorical paragraph 106 of Plaintiff's Complaint to which no response is required because it is legal argument and the case law cited by Plaintiff should speak for itself.**

107. The equal protection constitutional analysis to be employed in cases involving homosexuals is rational basis. *See id.; High Tech Gays v. DISCO*, 895 F.2d 563(9th Cir.1990).

**Answer: No response is required to legal argument. However to the extent an answer is necessary, Crown Point is without information or knowledge sufficient to form a belief as to the truth of the matter contained in rhetorical paragraph 107 of Plaintiff's Complaint which is not a factual averment.**

108. Currently, the government attempts to rationally justify consideration of homosexual conduct that could adversely affect the government by claiming homosexuals may be subject to blackmail and coercion. *See Padula*, 882F.2d at 104; *see also Doe v. Webster*, 769 F. Supp. 1,3 (D.C. Cir., 1991) ("The fact is that homosexual conduct is a characteristic that hostile intelligence services are likely to target, and at least some homosexuals may be coerced or manipulated.") Thus, the courts deny equal protection of the laws to homosexuals because of

fear that homosexuals may adversely affect the government by being subjected to blackmail or coercion.

**Answer: No response is required to legal argument. However to the extent an answer is necessary, Crown Point is without information or knowledge sufficient to form a belief as to the truth of the matter contained in rhetorical paragraph 108 of Plaintiff's Complaint which is not a factual averment.**

109. Nonetheless, the government may not implement policies that simply give effect to society's prejudices. *Pruitt v. Cheney*, 963 F.2d 1160, 1195 (9th Circ. 1991) ("Private biases may be outside the reach of the law, but the law cannot, directly or indirectly, give them effect." (quoting *Palmore v. Sidoti*, 466 U.S. 429, 433 (1984)). A policy that allows the government to discriminate based on sexual orientation gives effect to society's prejudices and thus violates the Equal Protection Clause of the Fourteenth Amendment.

**Answer: No response is required to legal argument. However to the extent an answer is necessary, Crown Point is without information or knowledge sufficient to form a belief as to the truth of the matter contained in rhetorical paragraph 109 of Plaintiff's Complaint which is not a factual averment.**

110. The Plaintiff suffered a violation of her right to receive equal protection under the law that would be afforded to non-homosexual citizens because HIDTA denied her security clearance based on her sexual orientation.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 110 of Plaintiff's Complaint.**

111. When HIDTA first informed the Plaintiff of the action to remove not submit her paperwork to renew her security clearance, HIDTA stated they "couldn't trust [her] character based on the emails and [her military] discharge."

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 111 of Plaintiff's Complaint.**

112. Because HDTA did not provide the Plaintiff with proof linking her to the MySpace emails, HIDTA only could have relied upon the Plaintiff's honorable discharge from the Army Reserve to support the decision to terminate the Plaintiff's clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 112 of Plaintiff's Complaint.**

113. However, the Plaintiff's discharge was an *honorable discharge* from the U.S. Arm Reserve *based on homosexual conduct*. The fact that HIDTA is relying upon the Plaintiff's honorable discharge from the military to deny her security clearance indicates that HIDTA is denying the Plaintiff's security clearance on the basis of her homosexuality, because HIDTA cannot have a legitimate basis for denying a security clearance based on honorable military discharge.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 113 of Plaintiff's Complaint.**

114. Because HIDTA discriminated on the basis of homosexual conduct by denying the Plaintiff's security clearance on the basis of her homosexuality, HIDTA's action in denying the Plaintiff's security clearance violates the Equal Protection Clause.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 114 of Plaintiff's Complaint.**

115. Furthermore, HIDTA may not deny the Plaintiff equal protection under the law based on her homosexuality by claiming she is subject to blackmail or coercion due to her sexual orientation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 115 of Plaintiff's Complaint.**

116. The Plaintiff is openly homosexual, so it is impossible that anyone could use her homosexuality as a basis for blackmail or coercion.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 116 of Plaintiff's Complaint.**

117. HIDTA did not provide the Plaintiff with a rational basis for her termination. HIDTA claimed the DEA denied the Plaintiff's security clearance, which resulted in her termination. However, HIDTA knew that the DEA had not terminated Plaintiff's security clearance because the investigation did not end until June 1, 2010, at which time the Plaintiff was granted TS-SCI eligibility for a security clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 117 of Plaintiff's Complaint.**

118. Thus, the Plaintiff was not given a rational basis for the denial of her security clearance because HIDTA provided no legitimate basis for the denial of the Plaintiff's clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 118 of Plaintiff's Complaint.**

119. Because HIDTA denied the Plaintiff's clearance on the basis of her sexual orientation and failed to provide any basis for the denial other than her homosexuality, HIDTA deprived the Plaintiff of equal protection under the law, thus depriving her of her Fourteenth Amendment rights.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 119 of Plaintiff's Complaint.**

120. The DEA is liable to the Plaintiff for deprivations of equal protection under 5 U.S.C. § 704.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 120 of Plaintiff's Complaint.**

121. The State of Indiana and the City of Crown Point are liable to the Plaintiff for deprivations of equal protection under 42 U.S.C. § 1983.

**Answer: Crown Point denies the allegations contained in rhetorical paragraph 121 of Plaintiff's.**

122. Defendant Edward Rysiewicz terminated Plaintiff's employment based on the fact that Plaintiff is a homosexual and Rysiewicz disagrees with Plaintiff's lifestyle, and he is liable to Plaintiff for deprivations of equal protection.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 122 of Plaintiff's Complaint.**

**<u>Count IV</u>**
**Disparate Treatment**
**Title VII of the Civil Rights Act of 1964 (Title VII)**
**42 U.S. C. § 2000 e, et seq.**
**Against Defendant State of Indiana, City of Crown Point, and Lake County HIDTA**

123. Plaintiff hereby incorporates and realleges the allegations of the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through one hundred twenty-two (122) of Plaintiff's Complaint as though fully set forth herein.**

124. Plaintiff is a "person" and an "employee" as the terms are defined in 42 U.S.C. § 2000e(a) and (f), respectively. Defendants are "employers" as the term is defined in 42 U.S.C. §2000e(b).

**Answer: Crown Point denies that it was Plaintiff's employer and asserts that it cannot be liable for any allegations contained in Plaintiff's Complaint. Crown Point is without information or knowledge sufficient to form a belief as to the truth of the**

**remaining material allegations contained in rhetorical paragraph 124 of Plaintiff's Complaint.**

125. Plaintiff suffered discrimination on the basis of her sex from her supervisors and coworkers while employed by HIDTA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 125 of Plaintiff's Complaint.**

126. Plaintiff's supervisors and coworkers made discriminatory remarks about Plaintiff based on her sex.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 126 of Plaintiff's Complaint.**

127. Plaintiff's supervisors denied Plaintiff favorable job assignments because of her sex while providing male employees with more favorable job assignments and opportunities.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 127 of Plaintiff's Complaint.**

128. Plaintiff's supervisors also denied Plaintiff the opportunity to advance in her career and to earn a better performance evaluation, but did not deny male analysts favorable career opportunities.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 128 of Plaintiff's Complaint.**

129. Plaintiff's supervisors placed additional demands on Plaintiff that he did not require of other employees, such as requiring Plaintiff to justify why she should go on training or assignments out of the office. He also required Plaintiff to provide proof of her enrollment in an MBA program when he did not require other analysts to provide proof of enrollment in college courses.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 129 of Plaintiff's Complaint.**

130. When Plaintiff had the opportunity to participate in a sting operation her supervisor did everything he could to prevent Plaintiff from going on the operation, even though men were allowed to go on operations without issue.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 130 of Plaintiff's Complaint.**

131. Plaintiff demands such legal or equitable relief as will effectuate the purposes of 42 U.S.C. § 2000 e et seq., including but not limited to, the following:

a. economic damages including front and back pay;
b. compensatory damages;
c. punitive damages;
d. reasonable attorney's fees;
e. court costs; and any other relief that this Court deems just and equitable.

**Answer: Crown Point denies that Plaintiff is entitled to any relief or compensation from it and denies all liability.**

**Count V**
**Hostile Work Environment**
**Title VII of the Civil Rights Act of 1964 (Title VII)**
**42 U.S. C. § 2000 e, et seq.**
**Against Defendant State of Indiana, City of Crown Point, and Lake County HIDTA**

132. Plaintiff hereby incorporates and realleges the allegations of the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through one hundred thirty-one (131) of Plaintiff's Complaint as though fully set forth herein.**

133. Plaintiff is a "person" and an "employee" as the terms are defined in 42 U.S.C. § 2000e(a) and (f), respectively. Defendants are "employers" as the term is defined in 42 U.S.C. § 2000e(b).

**Answer: Crown Point denies that it was Plaintiff's "employer" as defined in 42 U.S.C. §2000e(b). Crown Point is without information or knowledge sufficient to form a belief as to the truth of the remaining material allegations contained in rhetorical paragraph 133 of Plaintiff's Complaint.**

134. Plaintiff suffered daily harassment on the basis of her sex from her coworkers while employed by HIDTA.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 134 of Plaintiff's Complaint.**

135. Plaintiff's coworkers propositioned Plaintiff for sex on a frequent basis. Even when Plaintiff refused their offers, they continued to pursue Plaintiff and ask her to engage in sexual behavior.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 135 of Plaintiff's Complaint.**

136. When Plaintiff refused the offers, her coworkers asked her if she was "scared" to engage in sexual activity with them.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 136 of Plaintiff's Complaint.**

137. Plaintiff's coworkers also made inappropriate comments about Plaintiff's sexual orientation, inquiring into her personal life as a way of determining whether or not Plaintiff was a homosexual.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 137 of Plaintiff's Complaint.**

138. Plaintiff's coworkers asked Plaintiff about her tattoos, saying she was "freaky" because she had tattoos. They also remarked that other women wore dresses, while Plaintiff wore pants like the men did.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 138 of Plaintiff's Complaint.**

139. Once of Plaintiff's coworkers pursued Plaintiff continually, and in spite of Plaintiff ignoring his advances, he persisted in his efforts to convince Plaintiff to engage in sexual conduct with him. When Plaintiff continued to ignore him, he emailed Plaintiff photos of

his genitalia in an attempt to intimidate Plaintiff and convince her to engage in sexual conduct with him.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 139 of Plaintiff's Complaint.**

140. Plaintiff's coworkers also engaged in frequent sexual banter in the workplace, talking about how "hot" women were. They also made comments about how they were going to go home and engage in sexual conduct with their wives, even if their wives did not want to have sex.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 140 of Plaintiff's Complaint.**

141. As a result of the sexual banter in the office, Plaintiff felt humiliated and demeaned. She felt very uncomfortable around her coworkers. Because Plaintiff's supervisor treated Plaintiff differently based on her sex and denied her opportunities to advance in her career. Plaintiff did not believe she could raise a complaint about the sexual harassment she faced at work.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 141 of Plaintiff's Complaint.**

142. Plaintiff demands such legal or equitable relief as will effectuate the purposes of 42 U.S.C. § 2000 e et seq., including, but not limited to, the following:

f. economic damages including front and back pay;
g. compensatory damages;

h. punitive damages;
i. reasonable attorney's fees;
j. court costs; and any other relief that this Court deems just and equitable.

**Answer: Crown Point denies that Plaintiff is entitled to any relief or compensation from it and denies all liability.**

**<u>Count VI</u>**
**Deprivation of Equal Protection**
**Ind. Cost. Ar. 1, § 23**
**Against Defendant State of Indiana, City of Crown Point, and Lake County HIDTA**

143. Plaintiff hereby incorporates and realleges the allegations of the preceding paragraphs as though fully alleged herein.

**Answer: Crown Point incorporates by reference its answers to rhetorical paragraphs one (1) through one hundred forty-two (142) of Plaintiff's Complaint as though fully set forth herein.**

144. The Indiana Constitution says no privileges shall be granted that do not equally belong to all citizens. Ind. Costs. Art. 1, § 23.

**Answer: Crown Point neither admits nor denies the allegations set forth within rhetorical paragraph 144 of Plaintiff's Complaint because the constitutional provision cited by Plaintiff speaks for itself.**

145. The Plaintiff suffered a violation of her right to receive equal protection under the law that would be afforded to non-homosexual citizens because HIDTA denied her security clearance base on her sexual orientation.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 145 of Plaintiff's Complaint.**

146. When HIDTA first informed the Plaintiff of the action to remove not submit her paperwork to renew her security clearance, HIDTA stated they "couldn't trust [her] character based on the emails and [her military] discharge."

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 146 of Plaintiff's Complaint.**

147. Because HIDTA did not provide the Plaintiff with proof linking her to the MySpace emails, HIDTA only could have relied upon the Plaintiff's honorable discharge from the Army Reserve to support the decision to terminate the Plaintiff's clearance.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 147 of Plaintiff's Complaint.**

148. However, the Plaintiff's discharge was an honorable discharge from the U.S. Army Reserve based on homosexual conduct. The fact that HIDTA is relying upon the Plaintiff's honorable discharge from the military to deny her security clearance indicates that HIDTA is denying the Plaintiff's security clearance on the basis of her homosexuality, because HIDTA cannot have a legitimate basis for denying a security clearance base on an honorable military discharge.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 148 of Plaintiff's Complaint.**

149. Because HIDTA discriminated on the basis of homosexual conduct by denying the Plaintiff's security clearance on the basis of her homosexuality, HIDTA's action in denying the Plaintiff's security clearance violates the Equal Protection Clause.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 149 of Plaintiff's Complaint.**

150. Because HIDTA denied the Plaintiff's clearance on the basis of her sexual orientation and failed to provide any basis for the denial other than her homosexuality, HIDTA deprived the Plaintiff of equal protection under the law, thus depriving her of her Fourteenth Amendment rights.

**Answer: Crown Point is without information or knowledge sufficient to form a belief as to the truth of the material allegations contained in rhetorical paragraph 150 of Plaintiff's Complaint.**

## PRAYER FOR RELIEF

**Crown Point denies that Plaintiff is entitled to any relief or compensations sought from it in Paragraphs 151- 158 and denies all liability.**

WHEREFORE, Defendant, the City of Crown Point, by counsel, respectfully requests that judgment be entered in its favor for all claims asserted by Plaintiff against it, costs and all other appropriate relief.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

S/Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Blake N. Shelby, #28064-29
Attorneys for City of Crown Point

**AFFIRMATIVE DEFENSES**

Subject to ongoing investigation and discovery, Defendant, Crown Point, by counsel, asserts the following affirmative defenses to Plaintiff's Complaint:

1. Any and all allegations contained in Plaintiff's Complaint not hereinbefore answered or otherwise denied by Crown Point are hereby denied.

2. Plaintiff fails to state claims upon which relief can be granted.

3. Plaintiff did not have a protected interest in her employment.

4. Crown Point was not Plaintiff's employer in any sense for which liability could be imposed upon Crown Point for any allegations in Plaintiff's Complaint.

5. Plaintiff failed to fulfill the job requirements as required by Lake County HIDTA.

6. Plaintiff failed to exhaust administrative remedies and/or avail herself of adequate post-deprivation remedies.

7. The termination of Plaintiff's employment was justified and there was a legitimate non-discriminatory reason for terminating Plaintiff.

8. Reasonable care was exercised to prevent and make available corrective measures and Plaintiff unreasonably failed to utilize available policies and practices for reporting complaints of discrimination and otherwise take advantage of any preventative or corrective opportunities provided by Plaintiff's employer.

9. All relevant acts by Crown Point were rationally related to a legitimate governmental interest and, therefore, were not arbitrary or capricious.

10. Plaintiff has adequate procedural and substantive state law remedies to redress her alleged harm suffered by the termination of her employment with HIDTA, thus, her procedural and substantive due process claims against Crown Point are barred.

11. Defendant is entitled to qualified immunity.

12. Plaintiff has no federal constitutional, statutory or substantive right of review of a decision concerning the grant or denial of a security clearance or other DEA authorization.

13. Plaintiff's claims are barred for her failure to satisfy administrative and jurisdictional prerequisites to filing suit.

14. Crown Point was without notice of any employment related disputes or complaints of discrimination or retaliation and Plaintiff failed to provide Crown Point with said notice.

15. Crown Point acted with good faith.

16. Plaintiff failed to mitigate her damages.

17. Plaintiff was treated by Crown Point in the same manner as all other similarly situated employees.

18. To the extent the Plaintiff's Complaint asserts claims under Indiana state law, Plaintiff's claims are barred by her failure to fulfill the notice requirements as required by Ind. Code § 34-13-3-8, 10 and 12.

19. To the extent the Plaintiff's Complaint asserts claims under Indiana state law, Plaintiff's claims are barred by any and all applicable immunities contained within the Indiana Tort Claims Act, including but not limited to I.C. § 34-13-3-3(7), (12), (14).

20. To the extent the Plaintiff's Complaint asserts claims under Indiana state law, those claims are barred as against Crown Point pursuant to I.C. § 34-13-3-5.

21. To the extent the Plaintiff's Complaint asserts claims under Indiana state law, Crown Point asserts any and all available state law defenses including contributory negligence, incurred risk, consent, privilege, waiver and estoppel.

22. Plaintiff's damages, if any, are limited and capped under Indiana law.

23. Crown Point alleges that to the extent Plaintiff's Complaint states a cause of action under state or federal law, Crown Point expressly reserves all immunities to which it is entitled under federal or state law.

24. Plaintiff has no private right of action under the Indiana Constitution.

25. Punitive damages may not be awarded against a government entity.

26. Crown Point asserts all affirmative defenses allowed by rules of procedure and the Seventh Circuit for allegations of sexual harassment, employment discrimination and retaliation and further reserves the right to assert additional affirmative defenses as discovery proceeds.

WHEREFORE, Defendant, Crown Point, by counsel, respectfully requests that Plaintiff take nothing by virtue of their Complaint and that judgment be rendered in its favor, for costs, attorney fees and for all other relief just and proper.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.

S/Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Blake N. Shelby, #28064-29
Attorneys for City of Crown Point

**JURY DEMAND**

Defendant, City of Crown Point, by counsel, demands trial by jury and for its costs and attorney fees.

COOTS, HENKE & WHEELER, P.C.

S/Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Blake N. Shelby, #28064-29
Attorneys for City of Crown Point

## CERTIFICATE OF SERVICE

I hereby certify that on **April 1, 2011**, I electronically filed the foregoing **Answer to Second Amended Complaint, Affirmative Defenses and Request for a Jury Trial** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**David S. Arthur**
**Laura L. Bowker**
Deputy Attorney General
David.Arthur@atg.in.gov
Laura.Bowker@atg.in.gov
*Attorneys for Defendant State of Indiana*

**Joseph S. Reid**
Assistant United States Attorney
joseph.reid@usdoj.gov
*Attorney for Defendant U.S. Drug Enforcement Agency & Edward Rysiewicz*

**John E. Hughes**
Hoeppner Wagner & Evans, LLP
jhughes@hwelaw.com
*Attorney for HIDTA*

**Kevin W. Betz**
**Sandra L. Blevins**
litigation@betzadvocates.com
sblevins@betzadvocates.com
*Attorneys for Plaintiff*

**And**

I hereby certify that a copy of the foregoing has been duly served via U.S. Mail, first class, postage prepaid and electronic mail ("email") on this **1st day of April, 2011**, addressed to:

**David Lawrence Scher**
**R Scott Oswald**
The Employment Law Group PC
888 17th Street NW Suite 900
Washington, DC 20006
dscher@employmentlawgroup.net
soswald@employmentlawgroup.net
*Attorneys for Plaintiff*

S/Matthew L. Hinkle
Matthew L. Hinkle, #19396-29

COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 – Phone
(317) 573-5385 - Facsimile
Email: mhinkle@chwlaw.com

l:\midwest claims\strobel v. crown point.11609.172\pleadings\answer, ad's and jury demand.docx